UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 6:23-cr- 12 |
| | ) | |
| v. | ) | Violation: |
| | ) | 18 U.S.C. § 371 |
| L5 MEDICAL HOLDINGS, LLC, | ) | |
| d/b/a PAIN CARE CENTERS | | |

## PLEA AGREEMENT

L5 MEDICAL HOLDINGS, LLC d/b/a PAIN CARE CENTERS (EIN: 45-3243949) ("L5 MEDICAL") has entered into a Plea Agreement with the United States of America, by counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). The terms and conditions of this Plea Agreement are as follows:

1. **CHARGE TO WHICH L5 MEDICAL IS PLEADING GUILTY AND WAIVER OF RIGHTS**

L5 MEDICAL will enter a plea of guilty to Count One of the Information charging it with violating 18 U.S.C. § 371 in the Western District of Virginia by conspiring to commit the following offenses:

(A) knowingly and intentionally using, in the course of dispensing and distributing controlled substances, registration numbers issued to others, in violation of 21 U.S.C. § 843(a)(2);

(B) distributing and dispensing Suboxone (buprenorphine), a Schedule III controlled substance, not for a legitimate medical purpose in the usual course of the professional practice, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E);

(C) distributing and dispensing fentanyl, oxycodone, hydrocodone, and morphine (all Schedule II controlled substances) not for a legitimate medical purpose in the usual course of professional practice, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and;

(D) knowingly and willfully executing and attempting to execute a scheme and artifice to defraud health care benefit programs, and to obtain money and property from health care benefit programs by false and fraudulent pretenses and representations, in connection with the delivery of and payment for health care benefits, items, and services, in violation of 18 U.S.C. § 1347(a).



L5 MEDICAL understands, and the parties agree and stipulate, the maximum statutory penalty is governed by 18 U.S.C. § 3571, and a period of probation of between one (1) and five (5) years applies, pursuant to Title 18, United States Code, Section 3561(c)(1). In addition, L5 MEDICAL's assets are subject to forfeiture. L5 MEDICAL understands fees may be imposed to pay for probation and there will be a $400 special assessment for Count One, pursuant to Title 18 U.S.C. § 3013. L5 MEDICAL's attorneys have informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before L5 MEDICAL could be found guilty as charged.

L5 MEDICAL admits and agrees that all of the statements and allegations in the Information are true and correct.

L5 MEDICAL acknowledges L5 MEDICAL has had all of its rights explained to it. L5 MEDICAL expressly recognizes that, as a corporation, it may have the following constitutional rights and by voluntarily pleading guilty L5 MEDICAL knowingly waives and gives up these valuable constitutional rights:

- The right to plead not guilty and persist in that plea.
- The right to a speedy and public jury trial.
- The right to assistance of counsel at that trial and in any subsequent appeal.
- The right to remain silent at trial.
- The right to testify at trial.
- The right to confront and cross-examine witnesses.
- The right to present evidence and witnesses.
- The right to compulsory process of the court.
- The right to compel the attendance of witnesses at trial. .
- The right to be presumed innocent.
- The right to a unanimous guilty verdict.
- The right to appeal a guilty verdict.

L5 MEDICAL is pleading guilty as described above because it is in fact guilty and because L5 MEDICAL believes it is in its best interest to do so and not because of any threats or promises, other than the terms of this Plea Agreement, described herein, made in exchange for its plea of guilty. L5 MEDICAL agrees all of the matters set forth in the Information are true and correct.

L5 MEDICAL understands the plea is being entered in accordance with Fed. R. Crim. P. 11(c)(1)(B), and L5 MEDICAL stipulates the facts and allegations set forth in the Information to which it is pleading guilty are true and correct.

2.    **SENTENCING PROVISIONS**

L5 MEDICAL understands the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G.") and the factors set forth at 18 U.S.C. § 3553(a).  L5 MEDICAL understands it will have an opportunity to review a copy of my presentence report in advance of its sentencing hearing

and may file objections, as appropriate. L5 MEDICAL will have an opportunity at its sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this Plea Agreement.

L5 MEDICAL understands the Court is not bound by any recommendation or stipulation contained in this Plea Agreement and may sentence L5 MEDICAL up to the statutory maximum. L5 MEDICAL understands it will not be allowed to withdraw its plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the Plea Agreement.

L5 MEDICAL understands if the sentence is more severe than it expected, it will have no right to withdraw my plea.

The parties agree the 2021 version of the United States Sentencing Commission Guidelines Manual ("U.S.S.G.") is the appropriate Guidelines Manual to utilize. L5 MEDICAL stipulates that the following guideline section(s) are applicable to its conduct.

| 2D1.1(c)(4) | | 32 | at least 3,000 KG converted drug weight |
|---|---|---|---|
| 2D1.1(b)(12) | + | 2 | maintaining premises for illegal drug distribution |

The United States stipulates that the guideline section(s) set forth above should apply to L5 MEDICAL's conduct. The parties also stipulate that the cross-reference at U.S.S.G. § 2X1.1(c)(1) applies, and that U.S.S.G. §§ 8C2.5(b)(5) and 8C2.5(e) (1-point and 3-point enhancements regarding Culpability Score) apply. The parties further stipulate that, if the healthcare fraud object of the conspiracy is considered separately, the following guidelines apply:

| 2B1.1(a)(2) | | 6 | base offense level fo]r health care fraud |
|---|---|---|---|
| 2B1.1(b)(1)(K) | + | 20 | loss greater than $9,500,000 |
| 2B1.1(b)(7)(A)-(B)(ii) | + | 3 | loss greater than $7,000,000 to Government health care program |
| 2B1.1(b)(10)(c) | + | 2 | use of sophisticated means |

L5 MEDICAL understands other guideline sections may be applicable to this case and the United States and L5 MEDICAL will be free to argue whether these sections should or should not apply—to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

L5 MEDICAL agrees to accept responsibility for its conduct. If L5 MEDICAL complies with its obligations under this plea agreement and accepts responsibility for its conduct, the United States will recommend the Court grant it a two-level reduction in its Culpability Score, pursuant to U.S.S.G. § 8C2.5(g)(2). However, L5 MEDICAL stipulates that if it fails to accept responsibility for its conduct or fails to comply with any provision of this plea agreement, it should not receive credit for acceptance of responsibility. In addition, L5 MEDICAL understands and agrees the United States will have a continuing objection to it receiving credit for acceptance of responsibility until it has testified truthfully at its sentencing hearing, if called upon to testify. L5 MEDICAL agrees the United States will not be required to make any other notice of its objection on this basis.

The parties agree and stipulate:

a.   L5 MEDICAL agrees to pay restitution for the entire scope of its criminal conduct, including, but not limited to, all matters included as relevant conduct.  Specifically, L5 MEDICAL agrees to pay the following restitution, owed joint and severally with John Gregory Barnes:

 (1)   $1,908,500 in restitution to Medicare;

 (2)   $1,908,500 in restitution to Virginia Medicaid.

b.    L5 MEDICAL shall forfeit $250,000 (two hundred and fifty thousand dollars) and agrees to a forfeiture money judgment in that amount, jointly and severally liable with John Gregory Barnes;

 (1)   L5 MEDICAL agrees to remit funds in the sum of $250,000 to the United States in full satisfaction of the forfeiture money judgment.  L5 MEDICAL understands that these funds must be remitted in the form of certified funds made payable to the U.S. Department of Justice and are to be remitted to the U.S. Attorney's Office within 90 days of its entry of a guilty plea in this case.

c.   Upon request of the U.S. Attorney's Office at any time prior to L5 MEDICAL's sentencing and after its sentencing while its restitution and/or forfeiture money judgment remains unpaid, L5 MEDICAL agrees to provide the U.S. Attorney's Office with an itemized summary of all assets of it (and any entity in which it has had any interest) that was transferred on or after October 23, 2019.  The summary shall include the date of the transfer, the identity of the parties to the transfer, a description of the nature of the asset and its last known location, consideration received for the asset (if any, and if not any, a statement to that effect), and the location of the transfer.

The Court will determine what terms and length of probation are appropriate and the parties will be free to argue for which terms and length of probation they believe are appropriate, subject to the provisions of this Plea Agreement. L5 MEDICAL understands and agrees if its probation is revoked, it may be resentenced and a total aggregate fine up to the statutory maximum may be imposed.

3.   **FINANCIAL OBLIGATIONS**

L5 MEDICAL will notify the Court and the U.S. Attorney's Office of any material change in L5 MEDICAL's economic circumstances that might affect L5 MEDICAL's ability to pay any amounts payable under this Plea Agreement.

a.    Payments

Within 90 days of the entry of L5 MEDICAL's guilty plea, L5 MEDICAL will make the following disbursements:

(1)    $400 (four hundred dollars) to the Clerk, U.S. District Court, Lynchburg, Virginia, as payment of the special assessment.

(2)    $250,000 (two hundred and fifty thousand dollars) in full satisfaction of the forfeiture money judgment. These funds must be remitted in the form of certified funds made payable to the U.S. Marshals Service, Asset Forfeiture Unit, 247 Federal Building, 210 Franklin Road, S.W., Roanoke, Virginia.

b.    Forfeiture

As set forth above, L5 MEDICAL agrees to the entry of a forfeiture money judgment in the amount of $250,000 (jointly and severally with John Gregory Barnes) in United States currency ("Forfeiture Money Judgment") pursuant to 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

Payment in full of the Forfeiture Money Judgment shall satisfy any and all forfeiture obligations that L5 MEDICAL may have as a result of this guilty plea. L5 MEDICAL consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the above-referenced Forfeiture Money Judgment.

L5 MEDICAL agrees to sign any documentation necessary and to cooperate fully with the United States to accomplish the forfeiture. L5 MEDICAL agrees to forfeit all interest in these funds and to take whatever steps are necessary to pass clear title of these funds to the United States.

L5 MEDICAL agrees not to file a claim in any forfeiture proceeding or to contest, in any manner, the forfeiture of said assets. L5 MEDICAL agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgement in any administrative or judicial proceeding.

L5 MEDICAL understands and agrees forfeiture of this property is proportionate to the degree and nature of the offense. L5 MEDICAL freely and knowingly waives any and all constitutional and statutory challenges to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, that the forfeiture constitutes an excessive fine or punishment. L5 MEDICAL further understands and agrees this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any monetary penalty or other monetary judgment that may be imposed by the court.

c.    Restitution

As set forth above, the parties agree that L5 MEDICAL will pay restitution to Medicare and to Virginia Medicaid.

## 4.    ADDITIONAL OBLIGATIONS

L5 MEDICAL agrees to: (1) accept responsibility for its conduct; (2) not attempt to withdraw its guilty plea; (3) not deny it committed a crime to which it has pled guilty; (4) comply with any reasonable request of the United States Attorney's Office; (5) not make or adopt any arguments, or make or adopt any objections to the presentence investigation report, that are inconsistent with this Plea Agreement; (6) not obstruct justice, make a false statement, or commit any other crime; (7) enter its plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court; and (8) cooperate with law enforcement agents.

L5 MEDICAL will not (1) make any public statement or (2) make any statement or take any position in litigation in which any United States department or agency is a party, contradicting any statement or provision set forth in the Plea Agreement or its attachments. If L5 MEDICAL inadvertently makes a public statement that in whole or in part contradicts any such statement or provision, L5 MEDICAL may avoid being in violation of this Plea Agreement by promptly publicly repudiating such statement. For the purposes of this paragraph, the term "public statement" means any statement made or authorized by L5 MEDICAL's directors, officers, employees, or attorneys and includes, but is not limited to, a statement in (1) a press release, (2) public relations material, or (3) L5 MEDICAL websites. Notwithstanding the above, L5 MEDICAL may avail themselves of any legal or factual arguments available (1) in defending litigation brought by a party other than the United States or (2) in any inquiry, complaint, notice of violation, investigation or proceeding brought by a state entity or by the United States Congress. This paragraph does not apply to any statement made by any individual in the course of any actual or contemplated criminal, regulatory, administrative, or civil case initiated by any governmental or private party against such individual.

## 5.    WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT

L5 MEDICAL agrees L5 MEDICAL will not appeal the conviction or sentence imposed. L5 MEDICAL is knowingly and voluntarily waiving any right to appeal and is voluntarily willing to rely on the Court in sentencing it. L5 MEDICAL expressly waives its right to appeal as to any and all issues in this matter and waives any right it may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such appeal or collateral attack cannot be waived, by law. L5 MEDICAL understands the United States expressly reserves all of its rights to appeal, and if the United States initiates a direct appeal of the sentence imposed, L5 MEDICAL may not file a cross appeal of that same sentence. L5 MEDICAL agrees and understands if it files any court document (except for an appeal or collateral attack based on an issue that cannot be waived, by law) seeking to disturb, in any way, any order imposed in the case such action shall constitute a failure to comply with this Plea Agreement.

## 6.    INFORMATION ACCESS WAIVER

L5 MEDICAL knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any

records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

**7.   ADMISSIBILITY OF STATEMENTS**

L5 MEDICAL understands any statements made on its behalf (including, but not limited to, this Plea Agreement and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made, in any setting, may be used against L5 MEDICAL by the United States in this or any other proceeding. L5 MEDICAL knowingly waives any right it may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence in this or any other proceeding.

**8.   ABANDONMENT OF SEIZED ITEMS**

By signing this Plea Agreement, L5 MEDICAL hereby abandons its interest in, and consent to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this Plea Agreement. L5 MEDICAL further waives any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

**9.   PROGRAM EXCLUSION**

L5 MEDICAL understands that its conviction may result in it being excluded pursuant to 42 U.S.C. § 1320a-7, from participation in Medicare, Medicaid, and all other Federal health care programs as defined in 42 U.S.C. § 1320a-7b(f).

**10.   WINDING-DOWN OF L5 MEDICAL HOLDINGS, LLC; DOING OTHER BUSINESS IN THIS DISTRICT**

L5 MEDICAL agrees, upon the request of the U.S. Attorney's Office for the Western District of Virginia, to promptly wind-down or dissolve its business. Whether or not such request is made, L5 MEDICAL agrees to use all of its resources and asset, as necessary, to fully pay the restitution and forfeiture money judgment entered against it. Nothing in this paragraph relieves L5 MEDICAL of any financial obligations, including those resulting from the Plea Agreement.

L5 MEDICAL further agrees that—aside from doing or conducting business necessary to maintain the existence of or to wind-down L5 MEDICAL—it will never again do business in the Western District of Virginia. "Do business" means (whether directly or indirectly) own, operate, control, receive or derive payments from, or have an interest in any entity, partnership, organization, venture, or undertaking that (A) operates in the Western District of Virginia, or (B) markets, sells, or provides any product or service in the Western District of Virginia.

**11.   LIMITATION OF PLEA AGREEMENT**

This agreement binds only the United States Attorney's Office for the Western

District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute L5 MEDICAL for any offense(s) committed within their respective jurisdictions.

### 12.   COOPERATION

L5 MEDICAL acknowledges that its ongoing and future cooperation is important and a material fact underlying the United States' decision to enter into this Plea Agreement. L5 MEDICAL agrees to cooperate fully and actively with the United States regarding any matter, including, but not limited to, matters involving (a) current and former L5 MEDICAL personnel, and (b) other entities who operate in the same commercial segment as L5 MEDICAL. L5 MEDICAL's cooperation in the investigation and prosecution of individuals and entities pursuant to this paragraph includes, but is not limited to, using best efforts promptly to secure the attendance and testimony of any current or former officer, director, agent, or employee of L5 MEDICAL at any meeting or interview or before the grand jury or at any trial or other court proceeding; and truthfully disclosing all factual information, documents, records, or other tangible evidence not protected by a valid claim of privilege or work product.

L5 MEDICAL understand the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §§ 5K1.1 and 8C4.1, and 18 U.S.C. § 3553(e). L5 MEDICAL understands even if it fully cooperates with law enforcement, the United States is under no obligation to make a motion for the reduction of its sentence. L5 MEDICAL understands if the United States makes a motion for a reduction in its sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, it should be given. THIS PROVISION IS DESIGNED TO PROTECT THE UNITED STATES AND IS INCLUDED IN PLEA AGREEMENTS IN THE WESTERN DISTRICT OF VIRGINIA EVEN IF A DEFENDANT IS NOT COOPERATING.

Nothing in this Plea Agreement shall be construed to require L5 MEDICAL to waive any attorney-client privilege or work-product protection.

### 13.   MISCONDUCT

If L5 MEDICAL has any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, it agrees to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than its sentencing hearing.

### 14.   REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THIS PLEA AGREEMENT

L5 MEDICAL understands, agrees, and stipulates if: (1) L5 MEDICAL attempts to withdraw its plea; (2) L5 MEDICAL fails to comply with any provision of this Plea Agreement; (3) L5 MEDICAL's conviction is set aside, for any reason; (4) L5 MEDICAL fails to execute all

required paperwork; or (5) the Court rejects the plea agreement, the United States may, at its election, pursue any or all of the following remedies: (a) declare this Plea Agreement void; (b) file, by indictment or information, any charges which were filed and/or could have been filed concerning the matters involved in the instant investigation, including any charges dismissed or as to which L5 MEDICAL pled guilty to a lesser included offense; (c) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (d) refuse to abide by any stipulations and/or recommendations contained in this Plea Agreement; (e) not be bound by any obligation of the United States set forth in this Plea Agreement; and (f) take any other action provided for under this Plea Agreement or by statute, regulation or court rule.

L5 MEDICAL hereby waives its right under Fed. R. Crim. P. 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any charges filed pursuant to this section of this Plea Agreement. L5 MEDICAL hereby waives any statute of limitations argument as to any such charges. L5 MEDICAL hereby waives any double jeopardy, speedy trial, or statute of limitations defense it may have as to any reinstated, newly-filed, or non-dismissed charges described in this section of this Plea Agreement. L5 MEDICAL agrees the provisions of this section are contractual obligations between the United States and L5 MEDICAL and are severable from the plea agreement and survive any court's rejection of the plea agreement.

The remedies set forth above are cumulative and not mutually exclusive. If the United States pursues any of its permissible remedies as set forth in this Plea Agreement, L5 MEDICAL will still be bound by its obligations under this Plea Agreement.

## 15.   EFFECTIVE REPRESENTATION

L5 MEDICAL has discussed the terms of this Plea Agreement and all matters pertaining to the charges against it with its attorneys and is fully satisfied with its attorneys and its attorneys' advice. At this time, L5 MEDICAL has no dissatisfaction or complaint with its attorneys' representation. L5 MEDICAL agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint L5 MEDICAL may have with its attorneys' representation.

## 16.   EFFECT OF L5 MEDICAL'S SIGNATURE

L5 MEDICAL understands its Authorized Corporate Officer's signature on this Plea Agreement constitutes a binding offer by it to enter into this Plea Agreement. L5 MEDICAL understands the United States has not accepted L5 MEDICAL's offer until the authorized representative of the United States has signed this Plea Agreement.

## 17.   GENERAL UNDERSTANDINGS

L5 MEDICAL understands a presentence investigation will be conducted and sentencing recommendations independent of the USAO will be made by the presentence preparer.

L5 MEDICAL understands the United States and L5 MEDICAL retain the right, notwithstanding any provision in this Plea Agreement, to inform the probation office and the Court of all facts, to address the Court with respect to the nature and seriousness of the offense and the

offender, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, and to respond to any statements made to the Court.

L5 MEDICAL willingly stipulates there is a sufficient factual basis for the Court to accept the plea.

L5 MEDICAL understands this Plea Agreement does not apply to any crimes or charges not addressed in this Plea Agreement.

L5 MEDICAL has not been coerced, threatened, or promised anything other than the terms of this Plea Agreement, described above, in exchange for its plea of guilty. L5 MEDICAL understands its attorneys will be free to argue any mitigating factors on its behalf to the extent they are not inconsistent with the terms of this Plea Agreement. L5 MEDICAL understands L5 MEDICAL will have an opportunity to have a representative address the Court prior to sentence being imposed.

This writing and any Agreed Order of Forfeiture are the complete and only agreements between the United States and L5 MEDICAL concerning resolution of this matter. In addition, L5 MEDICAL has no objection to the filing of the Information. L5 MEDICAL is waiving and giving up its right to be charged by Indictment and have a Grand Jury vote on its probable guilt.

The agreements and documents listed in this section set forth the entire understanding between the parties and constitute the complete agreement between the United States Attorney for the Western District of Virginia and L5 MEDICAL and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. These agreements supersede all prior understandings, promises, agreements, or conditions, if any, between the United States and L5 MEDICAL. L5 MEDICAL consents to public disclosure of all of the agreements and other documents referenced in this section.

L5 MEDICAL has consulted with its attorneys and fully understands its rights. L5 MEDICAL has read this Plea Agreement and carefully reviewed every part of it with its attorneys. L5 MEDICAL understands this Plea Agreement and L5 MEDICAL voluntarily agrees to it. Being aware of all of the possible consequences of its plea, L5 MEDICAL has independently decided to enter this plea of its own free will and is affirming that agreement on this date by the signature of its Authorized Corporate Officer ("Officer") below.

The Officer, by signing below, hereby certifies to the following:

(1)     The Officer is fully authorized to enter into this Plea Agreement on behalf of L5 MEDICAL;

(2)     The Officer has read the entire Plea Agreement and documents referenced herein;

(3)     L5 MEDICAL understands all the terms of this Plea Agreement and those terms correctly reflect the results of plea negotiations;

(4)     L5 MEDICAL is fully satisfied with L5 MEDICAL's attorneys'

representation during all phases of this case;

(5)     L5 MEDICAL is freely and voluntarily pleading guilty in this case;

(6)     L5 MEDICAL is pleading guilty as set forth in this Plea Agreement because it is guilty of the crime to which it is entering its plea; and

(7)     L5 MEDICAL understands it is waiving its right to appeal the judgment and conviction in this case.

L5 MEDICAL acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Officer.

Date: 6/19/23

John Gregory Barnes
Owner, Managing Partner, and Authorized
Corporate Officer
L5 MEDICAL HOLDINGS, LLC.

Counsel has fully explained to L5 MEDICAL the facts and circumstances of the case; all rights with respect to the offense charged in the Information; possible defenses to the offense charged in the Information; all rights with respect to the applicability of the Sentencing Guidelines; and the consequences of entering into this Plea Agreement and entering a guilty plea. Counsel has reviewed this entire Plea Agreement and documents referenced herein with the client, through its Officer. L5 MEDICAL understands the terms and conditions of this Plea Agreement, and L5 MEDICAL's decision to enter into this Plea Agreement is knowing and voluntary. L5 MEDICAL's execution of and entry into the Plea Agreement is done with Counsel's consent.

Date: 6/19/2023

Mark C. Moore
Maynard Nexsen
*Counsel for L5 Medical Holdings, LLC.*

Date: 6/26/23

S. Cagle Juhan
Assistant United States Attorney

*Authorized Corporate Officer's Initials:*